**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| **ROGER COUSINS,** | ) | |
| | ) | |
| **Movant,** | ) | |
| **v.** | ) | **Civil Action No. 5:12-08697** |
| | ) | **Criminal Action No. 5:11-00090-23** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] (Document No. 749.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 751.)

**FACTUAL BACKGROUND**

By Indictment filed on March 30, 2011, Movant was charged with one count of conspiracy to distribute 1000kg of marijuana for remuneration in violation of 21 U.S.C. § 846 (Count One); and one count of possession with intent to distribute a quantity of marijuana for remuneration in violation of 21 U.S.C. § 841(a)(1) (Count Twenty). (Criminal No. 5:11-00090, Document No. 1.) On June 1, 2011, Movant pled guilty to Count Twenty of the Indictment charging him with possession with the intent to distribute a quantity of marijuana for remuneration. (Id., Document Nos. 305, 314, 315.) A Presentence Investigation Report was prepared. (Id., Document No. 537.)

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

The District Court determined that Movant had a Base Offense Level of 26, and a Total Offense Level of 23, the Court having applied a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b). (Id., pp. 43 - 44.) The District Court sentenced Movant on November 8, 2011, to serve a 48-month term of incarceration to be followed by a three-year term of supervised release. (Id., Document Nos. 518 and 530.) The District Court also imposed a $100 special assessment. (Id.) Movant did not appeal his conviction or sentence to the Fourth Circuit Court of Appeals.

On July 5, 2012, Movant, acting *pro se*, filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Memorandum in Support. (Civil No. 5:12-08697, Document No. 749.) As grounds for *habeas* relief, Movant alleges as follows: (1) Movant "was constructively denied effective assistance of counsel during the plea bargaining stage of the prosecution in violation of the Sixth Amendment;" (2) Movant "was denied effective assistance of counsel during the sentencing stage of the criminal proceedings;" (3) Movant "was denied due process of law when the government failed to properly handle the evidence, and then hid the mishaps from both [Movant] and the court;" and (4) "The plea was unintelligent, unknowing and involuntary." (Id.)

## DISCUSSION

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion made pursuant to Section 2255 is a collateral attack on a conviction or sentence. To

succeed on a Section 2255 motion, the movant must prove that "his sentence or conviction was imposed in violation of the Constitution or law of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255. "A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States, 2006 WL 36859, * 2 (E.D.Va. Jan. 4, 2006).

The filing of a Section 2255 motion does not supplant or obviate the need to file a direct appeal. Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947). The United States Supreme Court explains that "a final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). A non-constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion. Stone v. Powell, 428 U.S. 465, 478 fn. 10, 96 S.Ct. 3037, 3044 fn. 10, 49 L.Ed.2d 1067 (1976). A constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion unless the movant can show either (1) "cause and actual prejudice resulting from the errors of which he complains," or (2) "he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." Id. at 493. Actual prejudice is shown by demonstrating that the error worked to movant's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir.

3

1997)(quoting Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986)).
"In order to demonstrate that a miscarriage of justice would result from the refusal of the court to
entertain the collateral attack, a movant must show actual innocence by clear and convincing
evidence. Mikalajunas, 186 F.3d at 493. "Typically, to establish actual innocence, a petitioner must
demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit
the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is
legally, but not factually, innocent. Id. at 494. The movant must show that "it is more likely than not
that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851,
130 L.Ed.2d 808 (1995). Furthermore, a movant may not reassert a claim decided on direct review.
In Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.)(per curiam), cert. denied, 429 U.S.
863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976), the Court held that a defendant "will not be allowed to
recast, under the guise of a collateral attack, questions fully considered [on appeal]." An exception
exists, however, when there has been an intervening change in the law which justifies consideration
of a prior determination. See Davis v. United States, 417 U.S. 333, 342, 94 S.Ct. 2298, 2303, 41
L.Ed.2d 109 (1974).

1.      **Appellate Waiver:**

        In his Section 2255 Motion, Movant alleges that his plea was unknowing and involuntary
and the Government engaged in prosecutorial misconduct. (Criminal Action No. 5:11-00090, pp.
10 - 12.) Movant claims that his plea was unknowing and involuntary because he was not aware of
his "ability to suppress the inculpatory evidence" and due to "the mishandling and misplacement of
evidence by the Beckley Police Department." (Id., p. 12.) Next, Movant argues that "the government
failed to properly handle the evidence, and then hid the mishaps from both Mr. Cousins and the
Court." (Id., p. 10.)

4

The undersigned notes that by his written Plea Agreement, Movant agreed to waive his right to appeal his conviction and sentence directly and to challenge them under Section 2255 except on grounds of ineffective assistance of counsel. (Criminal No. 5:11-00090, Document No. 315, pp. 4 - 5.) It is well established that a defendant may waive his right to appeal or collaterally attack his conviction and sentence if the waiver was entered into knowingly and voluntarily. See United States v. Johnson, 410 F.3d 137 (4th Cir. 2005); United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). "To determine whether a waiver is knowing and intelligent, this court examines 'the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement.'" United States v. Johnson, 480 Fed.Appx. 229, 230 (4th Cir. 2012)(citation omitted). Generally the waiver is valid and enforceable, if a court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy. Id.

Movant's plea agreement and appellate waiver were voluntary. During the Plea Hearing, the District Court thoroughly questioned Movant regarding whether his decision to plead guilty was voluntary. (Criminal Action No. 5:11-00090, Plea Hearing Transcripts, pp. 30 - 31.) Specifically, the District Court questioned Movant as follows:

THE COURT:          Knowing everything that I have said to you, do you still want
                    to plead guilty?

THE DEFENDANT: Yes, ma'am.

THE COURT:          Has anyone tried to force, coerce, intimidate, put pressure on
                    you, or talk you into pleading guilty against your own will?

THE DEFENDANT: No, ma'am.

THE COURT:          Other than the plea agreement, has anyone promised you
                    anything or told you anything different than what I'm saying
                    to you this afternoon to induce you to plead guilty?

5

THE DEFENDANT: No, ma'am.

THE COURT:        Are you pleading guilty freely and voluntarily?

THE DEFENDANT: Yes, ma'am.

THE COURT:        Is pleading guilty your own idea, Mr. Cousins?

THE DEFENDANT: Yes, ma'am.

THE COURT:        Have you been able to understand everything that has happened in these proceeding here this afternoon?

THE DEFENDANT: Yes, ma'am.

THE COURT:        I find that your plea is voluntary. Are you having any second thoughts or hesitations about pleading guilty?

THE DEFENDANT: No, ma'am.

(Id.) The undersigned, therefore, concludes that Movant's appellate waiver was voluntary.

Movant's waiver was knowing and intelligent. A review of the plea agreement reveals that the waiver was clear and unambiguous. Specifically, the plea agreement stated, in pertinent part, as follows:

> Mr. Cousins also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

(Criminal Action No. 5:11-00090, Document No. 315, p. 5, ¶ 10.) Considering Movant's educational background, the record reveals that Movant has his G.E.D. (Id., Document No. 537, p. 5.) During the Plea Hearing, the terms of the plea agreement and appellate waiver were thoroughly reviewed with Movant and he acknowledged that he understood the terms and consequences of signing the plea agreement. (Id., Plea Hearing Transcripts, pp. 25 - 26.) During the Rule 11 colloquy, the District Court inquired as follows:

6

THE COURT:             Importantly, though, and specifically to your plea agreement
                       do you understand that you have agreed to give up your right
                       to appeal your sentence or the manner in which the Court
                       determined your sentence even if you believe that I have
                       miscalculated the applicable guideline range?

THE DEFENDANT: Yes, ma'am.

THE COURT:             Do you understand, Mr. Cousins, that you have agreed to give
                       up your right to appeal a term of imprisonment or fine on any
                       ground whatsoever so long as it does not exceed the statutory
                       maximum?

THE DEFENDANT: Yes, ma'am.

THE COURT:             Do you understand that you have waived your right to
                       challenge your guilty plea, conviction, and sentence by
                       collateral attack, including a motion brought pursuant to 28,
                       U.S.C., Section 2255, unless that collateral attack is based on
                       a claim of ineffective assistance of counsel?

THE DEFENDANT: Yes, ma'am.

                                   * * *

THE COURT:             Have you discussed the waiver of these rights with your
                       attorney, Mr. Kadish?

THE DEFENDANT: Yes, ma'am.

THE COURT:             And having done so, is it still your desire to waive these
                       rights?

THE DEFENDANT: Yes, ma'am.

(Id.) Based on the foregoing, the undersigned finds that Movant's appellate waiver was knowing and

intelligent. Thus, Movant waived his right to challenge the validity of his conviction and sentence.

The undersigned, therefore, respectfully recommends that Grounds Three and Four be dismissed.

**2.     <u>Ineffective Assistance of Counsel:</u>**

Indigent criminal defendants have the constitutional right to effective assistance of counsel

7

through direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)

When a movant claims ineffective assistance of counsel as a basis for seeking relief under Section

2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance.

Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In

Strickland, the Court adopted a two-pronged test for determining whether a defendant received

adequate assistance of counsel. Id. The first prong is competence. The movant must show that the

representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691,

104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide

range of what is considered reasonable professional assistance, and a reviewing Court must be

highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104

S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts
> or omissions of counsel that are alleged not to have been the result of reasonable
> professional judgment. The court must then determine whether, in light of all the
> circumstances, the identified acts or omissions were outside the wide range of
> professionally competent assistance. . .. [C]ounsel is strongly presumed to have
> rendered adequate assistance and made all significant decisions in the exercise of
> reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical

decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United

States, 564 F.2d 1071, 1072 (4th Cir. 1977). The second prong is prejudice. The movant must show

that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different. A reasonable probability is a probability sufficient to

undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v.

Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake,

ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477

U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d. 463 (4th Cir. 1991), cert. denied, 502 U.S. 1112, 112 S.Ct. 1219, 117 L.Ed.2d 456 (1992).

### A. Counsel's alleged ineffectiveness regarding exculpatory evidence.

Movant contends that the trial counsel acted ineffectively because there was insufficient evidence to support his conviction for possession with intent to distribute a quantity of marijuana for remuneration in violation of 21 U.S.C. § 841(a)(1). (Civil Action No. 5:12-8697, Document No. 749, p. 5.) Specifically, Movant argues that trial counsel failed to investigate and discover evidence that the marijuana at Pamela Beard's residence did not belong to Movant. (Id.) A review of the transcripts from the Plea Hearing reveals that the District Court thoroughly reviewed the charge to which Movant was pleading guilty. (Criminal Action No. 5:11-00090, Plea Hearing Transcripts, pp. 12 - 13.) Additionally, the District Court specifically described the essential elements of the offense which the Government would be required to prove beyond a reasonable doubt to convict Movant of the charge. (Id..) Movant acknowledged that he understood the charge contained in the Indictment and the essential elements of the offense. (Id.) Movant further agreed to the Stipulation of Facts attached to the Plea Agreement and acknowledged that he committed the essential elements of the offense contained in the Indictment. (Id., pp. 13 - 19.) Specifically, the District Court inquired as

9

follows:

THE COURT:    Tell me what it is you did that makes you guilty, Mr. Cousins.

THE DEFENDANT:    Approximately on March the 23rd, 2011, police raided my house and went to a friend's house and found probably about six pounds of marijuana.

THE COURT:    All right. Where is your house located?

THE DEFENDANT:    157 New Guinea Avenue.

THE COURT:    What's the avenue?

THE DEFENDANT:    New Guinea.

THE COURT:    All right. And is that located in Beckley?

THE DEFENDANT:    Yes, Lanark.

THE COURT:    All right. What, if any, substance did they locate in your house?

THE DEFENDANT:    A small piece of marijuana and I think some paraphernalia like a grinder or something of that sort.

THE COURT:    Did I understand you to say a small piece of marijuana and some paraphernalia like a grinder or something of that sort? Is that what you said?

THE DEFENDANT:    Yes, ma'am.

THE COURT:    And after that, you indicated that they also raided a friend's home?

THE DEFENDANT:    Yes, ma'am.

THE COURT:    And who was the friend?

THE DEFENDANT:    Her name was Pamela Beard, a friend of mine.

THE COURT:    Spell the last name for me.

THE DEFENDANT:    B-e-a-r-d.

10

| | |
|---|---|
| THE COURT: | All right. And what did they locate, if anything, in her home? |
| THE DEFENDANT: | They found six pounds out in the shed. She had a shed in the backyard. |
| THE COURT: | Six pounds of? |
| THE DEFENDANT: | Marijuana. |
| THE COURT: | All right. And to whom did that marijuana belong? |
| THE DEFENDANT: | To me. |
| THE COURT: | You were storing it there on her property? |
| THE DEFENDANT: | Yes, ma'am. |
| THE COURT: | And what was your intention with respect to the marijuana? |
| THE DEFENDANT: | To sell it and smoke a little. |

(Id., pp. 13 - 15.) Based on the foregoing, the undersigned finds that Movant's claim that trial counsel ineffective in failing to investigate the alleged exculpatory evidence is without merit.

**B.     Counsel's alleged ineffectiveness in failing to challenge the Presentence Report.**

In his Motion, Movant contends that counsel acted ineffectively by failing to challenge the Presentence Report. (Civil Action No. 5:11-00090, Document No. 749, p. 7.) Specifically, Movant complains that he was "attributed with drug weights of which he was neither actually aware, nor was it reasonably foreseeable by him." (Id.) Movant states that the "events occurred prior to his alleged involvement in the conspiracy." (Id.)

A review of the transcripts of the Sentencing Hearing reveals that the District Court attributed Movant with all reasonably foreseeable drug weight from the time he entered into the conspiracy in February 2009, until March 25, 2011. (Criminal Action No. 5:11-cr-00090, Sentencing Transcript, pp. 5 - 7.) The District Court specifically questioned defense counsel and Movant

11

concerning whether there were any objections to the information contained in the Presentence Report. (Id., pp. 16 - 20.) Both defense counsel and Movant agreed there were no objections. (Id.) Additionally, the transcripts reveal that the District Court granted Movant a variant sentence and sentenced him below the advisory Guideline range. Accordingly, Movant's above claim of ineffective assistance of counsel is without merit. See United States v. Kilmer, 167 F.3d 889, 893 (5th Cir. 1999)(stating that "[a]n attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue"); Moore v. United States, 934 F.Supp. 724, 731 (E.D.Va. 1996)(holding that "there can be no claim of ineffective assistance where, as here, counsel is alleged to have failed to raise a meritless argument").

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 749) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date

of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: December 3, 2015.

R. Clarke VanDervort
United States Magistrate Judge